|  |  |  |
|---|---|---|
| **CENTURY 21 REAL ESTATE LLC,** | : | UNITED STATES DISTRICT COURT |
|  | : | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | : |  |
|  | : |  |
| -vs- | : | Civil Action No. 10-759 (SDW) |
|  | : |  |
| **SKYLINE REALTY, INC. et al.,** | : | <u>REPORT AND RECOMMENDATION</u> |
|  | : |  |
| Defendant(s), | : |  |

## BACKGROUND

On December 23, 2009, plaintiff Century 21 Real Estate LLC ("plaintiff"), filed the complaint in state court. On February 15, 2010, defendants Skyline Realty, Inc. ("Skyline") and Pierre St. Jean ("St. Jean") (sometimes collectively "defendants") removed the action to this Court. On March 9, 2010, defendants filed an answer to the complaint. On May 24, 2010, defendants filed, by consent, a third-party complaint against Wismick St. Jean.

On July 28, 2010, the Court held a status conference. During the conference, attorney John Fialcowitz ("Fialcowitz"), counsel for defendants, advised the Court of his intention to file a motion to be relieved as defense counsel. Pursuant to the Court's instruction, on August 2, 2010, Fialcowitz filed his motion. As further directed by the Court, Fialcowitz's motion papers contained a reminder for defendants and plaintiff to file any opposition by August 30, 2010, attend an in person status conference on September 2, 2010, and that failure to appear may result in the issuance of an Order To Show Cause for entry of default against defendants.

Having received no opposition, on August 31, 2010, this Court granted Fialcowitz's motion to be relieved. The Order directed, among other things, that Fialcowitz provide a copy of the Order to his clients. This Court further directed Skyline, which is a corporate entity, to have new counsel enter an

appearance on its behalf, as a corporate entity cannot represent itself under applicable law. The Court also advised that, if counsel failed to enter an appearance on behalf of Skyline, this Court would ask the District Court to strike Skyline's answer and enter default against it.

As to defendant St. Jean, if new counsel was not secured by September 1, 2010, the Court would then deem him to be proceeding on a pro se basis. The attorneys and *pro se* party were directed to appear for status conference on September 2, 2010 at 12:00 p.m.. The Order admonished that failure to appear would result in sanctions.

On September 2, 2010, no party or counsel appeared on behalf of Skyline. St. Jean appeared *pro se* at the conference. Counsel for plaintiff appeared as well. To date, no one has appeared or contacted the Court on behalf of the corporate defendant Skyline.

Pursuant to settled Third Circuit law, corporations cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Despite this Court's admonitions, Skyline has not retained counsel. Therefore, I recommend that the District Court strike the Answer of corporate defendant Skyline Realty, Inc. (Docket Entry No. 6),[1] and that plaintiff be allowed to proceed to judgment by default as to corporate defendant Skyline Realty, Inc. and enter default against it. The parties have fourteen (14) days from the date hereof to file and serve objections.

Respectfully submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: September 3, 2010

---

[1] The Court notes that the Answer has been jointly filed on behalf of Skyline and co-defendant Pierre St. Jean. As such, the undersigned's recommendation to strike the Answer applies only to defendant Skyline.

Orig.: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
All Parties
File